UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JUAN LLOYD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>M. GENSEAL, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:24-cv-01117-SKO<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**<br><br>**30-DAY DEADLINE** |

Plaintiff Adrian Juan Lloyd is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.　INTRODUCTION**

Plaintiff filed his complaint on September 19, 2024. (Doc. 1.)  On September 20, 2024, this Court issued its "Order To Submit Application To Proceed *In Forma Pauperis* Or Pay Filing Fee Within 45 Days." (Doc. 3.)  On October 10, 2024, Plaintiff submitted an Application to Proceed In Forma Pauperis ("IFP") by a Prisoner. (Doc. 5.)

In his IFP application, Plaintiff states he is unable to pay the filing fee and does not receive any money from the following: (a) business, profession, or self-employment; (b) rent payments, interest or dividends; (c) pensions, annuities or life insurance payments; (d) disability or workers' compensation payments; or (e) gifts or inheritance. (Doc. 5 at 1.) Plaintiff also denies owning any real estate, stocks, bonds, security or other financial instruments, automobiles or

other valuable property, or any other assets. (*Id.* at 2.) Plaintiff states he is currently employed, earning "$1.20 monthly," and that he receives money from "other sources." (*Id.* at 1-2 [Question Nos. 3(f) & 4].) Asked to explain his "yes" response to whether he "received any money" from "other sources" within the last twelve months, Plaintiff entered: "various people periodically in [varying] amounts." (*Id.* at 1.) Asked whether he had cash, Plaintiff responded affirmatively and entered the following: "Currently $514.13 but only $289.14 belongs to Plaintiff." (*Id.* at 2.)

## II.     DISCUSSION

A review of Plaintiff' IFP application and his Inmate Statement Report dated October 11, 2024, reveals the Court requires further information before deciding whether Plaintiff is entitled to IFP status.

First, Plaintiff must explain his assertion that "only $289.14" of the $514.14 balance[1] reflected on Inmate Statement Report "belongs to" him. In other words, Plaintiff must explain why the sum of $225 should not be considered available funds.

Second, while Plaintiff acknowledges other people provide him with various amounts of money at times, the Court notes Plaintiff has received fourteen "JPAY" deposits totaling $1,541.00 in the six month period between April 1 and October 11, 2024. Monies provided to Plaintiff via JPAY should be disclosed *and explained*. *See, e.g.*, *Owens v. Schultz*, No. 1:24-cv-00820-SKO, 2024 WL 3722881, at *1-2 (E.D. Cal. July 19, 2024) (directing plaintiff to "explain the sixteen JPAY entries appearing on his Inmate Statement Report"). Thus, Plaintiff will be required to explain the fourteen JPAY entries deposited into his account within the previous six months totaling more than $1,500.

Plaintiff is advised this Court may take into consideration purchases in determining whether an individual should be granted IFP status. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citation omitted) (courts are entitled to consider plaintiffs' "economic choices about how to spend [their] money" when considering applications to proceed IFP); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more

---

[1] The balance in Plaintiff's account on April 1, 2024, was $527.84.

worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor"); *see also Owens*, 2024 WL 3722881, at *1-2. The Court notes Plaintiff made six purchases within the previous six months totaling $1,311.10. Plaintiff will be directed to provide further information concerning the six "SALES" entries reflected on his Inmate Statement Report for the period between April 1 and October 11, 2024.

In sum, Plaintiff's IFP application and Inmate Statement Report do not establish he is entitled to IFP status. Plaintiff must explain: (1) why $225 of the $514.14 balance reflected on his Inmate Statement Report does not belong to him; (2) the fourteen JPAY deposits made during the relevant period; and (3) why the Court should find he is unable to pay the required filing fee. Plaintiff must also provide additional information concerning the SALES entries during the same period to allow for the Court's consideration of his economic choices.

### III.     CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff **SHALL** show cause in writing, **within 30 days** of the date of service of this order, why his IFP application should not be denied. Specifically, Plaintiff **SHALL** (a) explain the fourteen JPAY entries appearing on his Inmate Statement Report, and (b) provide additional information concerning the six SALES entries appearing on his Inmate Statement Report; **or**

2. In the alternative, Plaintiff may pay the required $405 filing fee.

**Plaintiff is advised that a failure to respond to this Order may result in a recommendation that this action be dismissed for a failure to obey court orders**.

IT IS SO ORDERED.

Dated:   **October 15, 2024**                    /s/ *Sheila K. Oberto*
                                                                      UNITED STATES MAGISTRATE JUDGE

3