1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JUAN LLOYD,<br><br>            Plaintiff,<br><br>    v.<br><br>M. GENSEAL, et al.,<br><br>            Defendants. | Case No.: 1:24-cv-01117-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Adrian Juan Lloyd is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.      INTRODUCTION**

Plaintiff initiated this action by filing a complaint on September 19, 2024. (Doc. 1.) On September 30, 2024, the Court directed Plaintiff to submit an application to proceed *in forma pauperis* (IFP) or to pay the filing fee within 45 days. (Doc. 3.) On October 10, 2024, Plaintiff submitted an IFP application. (Doc. 5.)

On October 15, 2024, this Court issued its "Order to Show Cause in Writing Why Application to Proceed In Forma Pauperis Should Not Be Denied." (Doc. 8.) Plaintiff was directed to explain fourteen JPAY entries and six SALES entries appearing on his Inmate Statement Report, or to pay the $405 filing fee for this action, within 30 days. (*Id*. at 3.)

Although more than 30 days have passed, Plaintiff has neither explained the entries on his Inmate Statement Report nor paid the required filing fee for this action.

## II.    DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff has failed to comply with the Court's October 15, 2024, order. Plaintiff was ordered show cause in writing, within 30 days, why his IFP application should not be denied, by explaining certain JPAY and SALES transactions appearing on his Inmate Statement Report. (Doc. 8.) More than 30 days have passed, and Plaintiff has failed to file a written response. The Court cannot effectively manage its docket if Plaintiff ignores the Court's orders. Without a determination regarding Plaintiff's IFP application, the case can proceed no further. Thus, the Court finds that both the first and second factors—the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket— weigh in favor of dismissal.

1    *Carey*, 856 F.2d at 1440.

2         Next, while the risk of prejudice to defendants is a lesser factor here because the named

3    defendants have not appeared in the action, a presumption of harm or injury arises from the

4    occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522,

5    524 (9th Cir. 1976). Plaintiff's failure to respond to the Court's OSC regarding his IFP

6    application is an unreasonable delay in prosecuting this action. The Court finds the third factor—a

7    risk of prejudice to defendants—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

8         The fourth factor usually weighs against dismissal because public policy favors

9    disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

10   "this factor lends little support to a party whose responsibility it is to move a case toward

11   disposition on the merits but whose conduct impedes progress in that direction." *In re*

12   *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)

13   (citation omitted). Here, Plaintiff fails to move this case forward by not complying with the

14   Court's OSC to provide further information concerning his IFP application. The Court finds that

15   the fourth factor—the public policy favoring disposition on the merits—also weighs in favor of

16   dismissal. *Carey*, 856 F.2d at 1440.

17        Finally, the Court's warning to a party that failure to obey the court's order will result in

18   dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

19   *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Here, the Court's First Informational

20   Order in Prisoner/Civil Detainee Civil Rights Case advised, in relevant part: "the parties must

21   comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local

22   Rules of the United States District Court, Eastern District of California ("Local Rules"), as

23   modified by this Order. Failure to so comply will be grounds for imposition of sanctions which

24   may include dismissal of the case." (Doc. 2 at 1.) Plaintiff was also advised that "all Court

25   deadlines are strictly enforced." (*Id*. at 5.) When the Court directed Plaintiff to submit an IFP

26   application or to pay the filing fee on September 30, 2024, Plaintiff was advised that a "**[f]ailure**

27   **to comply with this order will result in dismissal of this action.**" (Doc. 3 at 1, emphasis in

28   original.) Finally, the OSC also warned as follows: "**Plaintiff is advised that a failure to**

3

1  **respond to this Order may result in a recommendation that this action be dismissed for a**

2  **failure to comply with court**." (Doc. 8 at 3, emphasis in original.) Thus, Plaintiff had adequate

3  warning that dismissal could result from his noncompliance with court orders. Moreover, at this

4  stage of the proceedings, there is little available to the Court that would constitute a satisfactory

5  lesser sanction while protecting the Court from further unnecessary expenditure of its scarce

6  resources. Therefore, the fifth factor—the availability of less drastic sanctions—weighs in favor

7  of dismissal. *Carey*, 856 F.2d at 1440.

8          **III.  ORDER AND RECOMMENDATIONS**

9          Accordingly, the Court **DIRECTS** the Clerk of the Court to randomly assign a district

10  judge to this action. Further, the Court **RECOMMENDS** this action be dismissed, without

11  prejudice, for Plaintiff's failure to obey court orders and failure to prosecute.

12          These Findings and Recommendations will be submitted to the United States District

13  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days**

14  after being served with a copy of these Findings and Recommendations, a party may file written

15  objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to

16  Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages**

17  without leave of Court and good cause shown. The Court will not consider exhibits attached to

18  the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference

19  the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise

20  reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation

21  may be disregarded by the District Judge when reviewing these Findings and Recommendations

22  under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time

23  may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839

24  (9th Cir. 2014).

25

26  IT IS SO ORDERED.

27  Dated:  __**November 22, 2024**__            _____/s/ *Sheila K. Oberto*_____

28                                 UNITED STATES MAGISTRATE JUDGE