UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JUAN LLOYD,<br><br>            Plaintiff,<br><br>    v.<br><br>M. GENSEAL, et al.,<br><br>            Defendants. | Case No.: 1:24-cv-01117-KES-SKO<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>(Doc. 10)<br><br>**ORDER GRANTING <u>15-DAY EXTENSION</u> OF TIME WITHIN WHICH TO RESPOND TO THE ORDER TO SHOW CAUSE** |

Plaintiff Adrian Juan Lloyd is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.      BACKGROUND**

Plaintiff initiated this action by filing a complaint on September 19, 2024. (Doc. 1.)  On September 30, 2024, the Court directed Plaintiff to submit an application to proceed *in forma pauperis* (IFP) or to pay the filing fee within 45 days. (Doc. 3.) On October 10, 2024, Plaintiff submitted an IFP application. (Doc. 5.)

On October 15, 2024, this Court issued an "Order to Show Cause (OSC) in Writing Why Application to Proceed In Forma Pauperis Should Not Be Denied." (Doc. 8.) Plaintiff was directed to explain fourteen JPAY entries and six SALES entries appearing on his Inmate

Statement Report, or to pay the $405 filing fee for this action, within 30 days. (*Id*. at 3.)

On November 25, 2024, when more than 30 days elapsed without a response to the OSC, the Court issued its "Findings and Recommendations to Dismiss Action for Plaintiff's Failure to Obey Court Order and Failure to Prosecute." (Doc. 10.) Later that same date, Plaintiff filed a document titled "In Re Order to Show Cause." (Doc. 11.)

The Court will vacate the Findings and Recommendations issued November 25, 2024, and direct Plaintiff to respond to the inquiries outlined in the OSC within 15 days.

**II.     DISCUSSION**

In his filing of November 25, 2024,[1] Plaintiff states he received the OSC on October 22, 2024. (Doc. 11.) He states he has "thoroughly read said order" and "humbly requests that the Court grant Plaintiff another 30 days extension of time." (*Id*.)

Plaintiff fails to establish good cause for a 30-day extension of time. He offers no reason for needing an additional 30 days to respond to the Court's inquiries regarding his Inmate Statement Report. The Court will nonetheless grant Plaintiff an additional 15 days within which to respond to the OSC. No further extensions of time will be granted absent a showing of good cause.

**III.    CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The Findings and Recommendations issued November 25, 2024 (Doc. 10) are **VACATED**; and

2. Plaintiff **SHALL** respond to the OSC, explaining the fourteen JPAY entries and six SALES entries appearing on his Inmate Statement Report, or alternatively, pay the required $405 filing fee, **within 15 days** of the date of service of this order.

//

---

[1] Plaintiff's filing is dated November 19, 2024. It is untimely because Plaintiff was ordered to respond to the OSC "**within 30 days** *of the date of service*" of the order. (*See* Doc. 10 at 3; bold in original, italics added.) Thus, the document should have been served no later than November 14, 2024. Plaintiff is reminded that "[a]bsent good cause, all Court deadlines are strictly enforced. Requests for time extensions must be filed before the deadline expires and must state good reason for the request." (*See* Doc. 2 at 5 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued 9/20/2024].)

**WARNING: Failure to comply with this Order will result in the reissuance of a recommendation that this action be dismissed for Plaintiff's failure to obey a court order and failure to prosecute**.

IT IS SO ORDERED.

Dated: **November 26, 2024**                    /s/ *Sheila K. Oberto*
                                                                       UNITED STATES MAGISTRATE JUDGE