UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JUAN LLOYD,<br>Plaintiff,<br>v.<br>M. GENSEAL, et al.,<br>Defendants. | Case No.: 1:24-cv-01117-KES-EGC (PC)<br>**ORDER RESOLVING PLAINTIFF'S REQUEST FOR CLARIFICATION**<br>(Doc. 21) |

Plaintiff Adrian Juan Lloyd is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. RELEVANT BACKGROUND**

The Court issued First Screening Order on August 20, 2025. (Doc. 17.) Following an extension of time, Plaintiff filed a first amended complaint on October 9, 2025. (Doc. 20.)

On October 23, 2025, Plaintiff filed a document titled "Potential Violation Clarification," docketed as a request for clarification. (Doc. 21.)

**II. DISCUSSION**

Plaintiff states that in its screening order, the Court "cited potential due process concerns," but that he "is clueless as to the potential violations." Plaintiff asserts that in "Lloyd v. Ochoa," the Court "fully clarified what Plaintiff didn't see nor understand." Plaintiff repeats he "doesn't have a clue about the potential 14th amendment violation," and asks the Court to "please cite the exact issue that was raised in the complaint."

First, the Court advises Plaintiff that it intended to address his request for clarification when screening his first amended complaint. Unfortunately, this Court's workload has increased

significantly[1] since Plaintiff's filing and the undersigned has been unable to screen the first amended complaint to date. While dozens of prisoner civil rights complaints remain pending screening before the undersigned, Plaintiff's first amended complaint is one of the earliest-filed amended complaints and will be addressed in order and in due course.

Second, as concerns Plaintiff's request for clarification in particular, the screening order provided the legal standards applicable to an Eighth Amendment conditions of confinement claim and a Fourteenth Amendment due process violation. (Doc. 17 at 5-7.) It analyzed Plaintiff's complaint and applied the facts asserted to both an Eighth Amendment conditions of confinement claim and a Fourteenth Amendment procedural due process violation. (*Id.* at 7-10.) The Court included the Fourteenth Amendment analysis because Plaintiff asserted facts pertaining to his classification and/or housing. Thus, while Plaintiff cited only the Eighth Amendment in the original complaint, out of an abundance of caution, the Court included the latter analysis.

In any event, the Court observes that a brief review of the first amended complaint reveals that Plaintiff has re-alleged an Eighth Amendment conditions of confinement claim and references "5th and 14th Amendment due process" in the title of the that claim. (Doc. 20 at 3.) Therefore, to the extent Plaintiff requires further clarification, the Court will address the issue when it screens the first amended complaint.

**III. CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff request for clarification (Doc. 21) is **RESOLVED**; and
2. Plaintiff's first amended complaint will be screened in due course.

IT IS SO ORDERED.

Dated: **September 21, 2026**

Erin Sug Castillo
UNITED STATES MAGISTRATE JUDGE

[1] *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/.